UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA A. BOND, *personal representative*
*for the estate of* JESSICA M. BOND,
*deceased*,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Civil Case No. 18-13114
Honorable Linda V. Parker
Mag. Judge Patricia T. Morris

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 21)

On October 4, 2018, Plaintiff initiated this action alleging medical malpractice against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq., when a physician at a federally-funded clinic allegedly failed to properly treat Jessica M. Bond. (Compl., ECF No. 1, Pg. ID 3, 5.) Presently before the Court is the Defendant's Motion to Dismiss, arguing Plaintiff's claims are time-barred by the FTCA's statute of limitations. (Dismiss Mot., ECF No. 21, Pg. ID 82–83.) The Motion has been fully briefed. (ECF Nos. 21, 22, 23.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant

to Local Rule 7.1(f). For the reasons that follow, the Court grants Defendant's Motion.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## APPLICABLE LAW & ANALYSIS

Although the FTCA waives immunity and allows a plaintiff to sue the federal government for personal injury or damage caused by the negligent or wrongful acts or omissions of government employees, a plaintiff must file suit against the United States in federal court within six months of the date on which the agency mails its final denial of Plaintiff's administrative tort claim. 28 U.S.C. § 2401(b); *see Zappone v. United States*, 870 F.3d 551 (6th Cir. 2017), *cert. denied*, 138 S.Ct. 1303 (2018). When a plaintiff fails to file suit within that time, her claim is "forever barred" by the statute. *Id.* § 2401(b); *Zappone*, 870 F.3d at 555.

Plaintiff alleges as follows. On July 2, 2012, Plaintiff was improperly treated by a physician at Health Delivery, Inc.'s ("Health Delivery") federally-funded HDI Express Clinic. (Compl. at 5–7, Pg. ID 5–7.) The next day, after being

3

sent home by a physician at Health Delivery, Plaintiff died from an undiagnosed, untreated pulmonary embolism. (*Id.*)

In October 2014, Plaintiff initiated a lawsuit in state court. (Pl. Resp., ECF No. 22, Pg. ID 131.) Plaintiff's state court suit came about three months after the expiration of the FTCA's two-year deadline to submit an administrative tort claim to a federal agency—expiring on or about July 3, 2014. *See* 28 U.S.C. § 2401(b). On March 17, 2016, Plaintiff presented an administrative tort claim to the U.S. Department of Health and Human Services ("HHS")—about two years after the deadline. (*Id.*; Admin. Tort Claim, ECF No. 21-2, Pg. ID 109, 111.) On December 12, 2016, HHS denied Plaintiff's administrative claim. (Admin. Denial, ECF No. 21-3, Pg. ID 124; Compl. ECF No. 1, Pg. ID 3.) On May 12, 2017, six months later, the FTCA's deadline for filing suit in federal court expired. 28 U.S.C. § 2401(b). Plaintiff filed this suit on October 4, 2018, about 16 months after the FTCA's deadline. (*Id.*; *see also* Compl., ECF No. 1.)

The FTCA requires a plaintiff to meet two statute of limitation deadlines: (1) an administrative claim must be presented in writing to the appropriate Federal agency within two years after such claim accrues; and (2) a claim must be filed in federal court within six months after the date of mailing of notice of final denial of the claim by the agency to which is was presented. 28 U.S.C. § 2401(b). Failure to meet either of these time constraints time-bars the claims. *Id.*

4

Plaintiff's injury occurred in July 2012, but she did not submit her administrative tort claim until March 2016—almost two years after the FTCA's first statute of limitations expired. Also, Plaintiff filed this suit in federal court on October 4, 2018—almost 16 months after the FTCA's second statute of limitations expired. Consequently, under the plain language of the FTCA, Plaintiff's claims are "forever barred," including Plaintiff's loss of consortium claim. 28 U.S.C. § 2401(b); *see Krueger v. United States*, No. 16-13493, 2017 WL 512793 at *3 (E.D. Mich. Feb. 8, 2017) (dismissing loss of consortium claim brought under the FTCA as time-barred where the plaintiff "did not file a law suit within six months of the final denial of his administrative claim").

Plaintiff requests this Court find equitable tolling for each of the FTCA's limitation periods. (Pl. Resp., ECF No. 22, Pg. ID 133–34.) The Sixth Circuit has held that equitable tolling is available "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (citation omitted). While equitable tolling may be applied in suits against the government, *Zappone*, 870 F.3d at 556, Plaintiff has not offered any circumstance beyond her control for the Court to consider. Plaintiff contends that, since 2014, "new information was discovered and unexpected hurdles were presented" but "Plaintiff

has been diligently pursuing her rights within the legal system since [then]." (Pl. Resp. at 9, Pg. ID 134.)

The Court finds Plaintiff's argument for equitable tolling factually and legally insufficient. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). Therefore, the Court concludes that Plaintiff's claims are time-barred. Thus, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint.

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 15, 2019